571 A.2d 453

**COMMONWEALTH of Pennsylvania**

**v.**

**Ronald MORRISON, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 16, 1990.

Filed March 12, 1990.

Carl J. Poveromo, Asst. Public Defender, Scranton, for appellant.

Andrew Jarbola, Dist. Atty., Scranton, for Com., appellee.

Before McEWEN, TAMILIA and FORD, ELLIOTT, JJ.

TAMILIA, Judge:

Appellant Ronald Morrison brings this appeal from judgment of sentence entered July 26, 1989. Pursuant to a plea agreement, appellant pled guilty to driving under the influ-

ence [1] (DUI), and was sentenced to a term of nine months to two years in a state correctional institution, fined $300 and ordered to complete an alcohol safety program.[2] On appeal, appellant argues the court imposed an excessive sentence outside the sentencing guidelines without indicating the permissible range of sentences under the guidelines and the reasons for deviation from such guidelines.

■ Initially we note the inappropriateness of appellant's argument because the sentencing guidelines are not applicable to cases of driving under the influence. Rather, according to section 303.5(a) of the Sentencing Guidelines, "[s]entences for driving under the influence of alcohol or controlled substances are determined by application of 75 Pa. C.S. § 3731 (relating to mandatory imprisonment for driving under the influence of alcohol or controlled substance)." 204 Pa.Code § 303.5(a), reprinted following 42 Pa.C.S. § 9721.

We are, therefore, unable to determine how appellant's counsel and the trial court derived the guidelines cited in the brief and on the sentencing guideline sentence form— that is a standard range of two days to six months, an aggravated range of six months and a mitigated range of two days. *See,* appellant's brief at pp. 8–9 and the Guideline Sentence Form contained in the record. Neither our research nor an inquiry to the Commonwealth's Commission on Sentencing revealed any evidence these purported guidelines were ever in effect for a drunk driving case.[3] In fact,

1. 75 Pa.C.S. § 3731(a)(1), (3), (4).

2. Pursuant to the plea agreement, the summary offense of Driving While Operating Privilege Suspended, 75 Pa.C.S.A. § 1543, was *nolle prossed* at the time of sentencing.

3. In an attempt to determine exactly from where appellant and the trial court derived those "guidelines," we reviewed the first and second editions of the Sentencing Guidelines Implementation Manual in addition to the third edition which is currently in effect. At the time of the original sentencing guidelines, effective July 22, 1982, DUI was graded as a misdemeanor III and there were applicable guidelines for DUI cases. For first-time offenders, both the mitigated and standard ranges were nonconfinement to six months confinement and the aggravated range was the statutory limit of six months. (Those guidelines were superseded by the mandatory minimum sentences of

the instructions for completing the Guideline Sentencing form direct that as to section IV of the form "[w]hen DUI is the only current conviction enter only the name of the offense and the sentence that was imposed. For all current crimes other than DUI...." *The Sentencing Commission in designing the form, therefore, did not contemplate a guidelines sentencing range for DUI convictions.*

Driving under the influence of alcohol or controlled substance is subject to statute as follows:

**75 Pa.C.S.A. § 3731, Driving under influence of alcohol or controlled substance**

. . . .

**(e) Penalty.—**

(1) Any person violating any of the provisions of this section is guilty of a misdemeanor of the second degree and the sentencing court shall order the person to pay a fine of not less than $300 and serve a minimum term of imprisonment of:

(i) not less than 48 consecutive hours.

The only sentencing parameters available for use in sentencing a defendant convicted of a second degree misdemeanor are as follows:

**18 Pa.C.S.A.**

**§ 1101. Fines**

A person who has been convicted of an offense may be sentenced to pay a fine not exceeding:

. . . .

(4) $5,000, when the conviction is of a misdemeanor of the second degree.

**§ 1104. Sentence of imprisonment for misdemeanors**

Act 289 of 1982, effective January 15, 1983.) It is possible the guidelines suggested by appellant are an adaptation of the original guidelines put out by the Sentencing Commission (when DUI was a third as opposed to a second degree misdemeanor) with the addition of the mandatory sentence provisions. In any event, they are irrelevant to our disposition of this case.

A person who has been convicted of a misdemeanor may be sentenced to imprisonment for a definite term which shall be fixed by the court and shall be not more than:

. . . .

(2) Two years in the case of a misdemeanor of the second degree.

In light of the above, therefore, further consideration of the sentence must be conducted absent any implication of the sentencing guidelines relied upon by appellant, and in accordance with the statutes establishing the crime, its penalties and the Sentencing Code. Before proceeding to that analysis, however, we are required to determine if there appears to be a substantial question as to the appropriateness of the sentence, permitting us to go forward with this review.

"[T]he appearance of a substantial question determines whether this court *may* grant allowance of appeal of the discretionary aspects of sentence, while the sound discretion of the court determines whether the court *will* grant review." *Commonwealth v. Hall*, 382 Pa.Super. 6, 14–19, 554 A.2d 919, 923–24 (1989); 42 Pa.C.S. § 9781(b), appellate review of sentence. Although appellant has provided a statement of reasons relied upon for appeal, we must also consider the Supreme Court's observation in *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987), that it is necessary to "make a careful distinction between 'questions relating to the discretionary aspects of the sentence' and 'the issue whether the appellate court should exercise its discretion to reach such question.' Pa.R.A.P. 902." *Id.*, 513 Pa. at 512, 522 A.2d at 19. The Court in *Tuladziecki* went on to note:

It is apparent that the legislature has vested broad discretion in the trial court to impose a sentence appropriate to each case which comes before it. It is also apparent that the legislature has provided a thorough, though not exhaustive, outline of considerations to focus the

court's deliberations in choosing an appropriate sentence. It is only where a party can articulate reasons why a particular sentence raises doubts that this scheme as a whole has been compromised that the appellate court should review the manner in which the trial court exercises its discretion.

*Id.*, 513 Pa. at 514, 522 A.2d at 20. As the sentence here is far in excess of the applicable two-day minimum sentence and because the trial court ordered the sentence to be served in a state rather than a county institution, we believe a substantial question as to the appropriateness of the sentence has been raised for our review and we will accept the appeal.

We believe the policy considerations of *Tuladziecki* can be applied to sentences for drunk driving offenses. In reviewing such a sentence, "we must look at the nature and circumstances of the offense, the history and characteristics of the defendant, the opportunity of the sentencing court to observe the defendant, the presentence investigation report, the findings on which the sentence was based, and the Guidelines." *Commonwealth v. Septak*, 359 Pa.Super. 375, 381, 518 A.2d 1284, 1287 (1986) (footnote omitted). In this instance, rather than using the Guidelines as a reference point for determining if the trial court abused its discretion in sentencing appellant, we must look to the mandatory statutory minimum sentence of two days and the statutory maximum sentence of two years, both of which appellant was well aware.

■ At the guilty plea hearing, the court made the following observations before accepting the plea.

Q Well, Mr. Morrison, driving under the influence carries a maximum penalty of two years in jail and/or a $5000. fine. Now, I have trouble with this. You tell me you were drinking yesterday, although it's not related to the crime here, but that means to me one thing, you're going to be back here no matter what I do, you're going to be back here again, so I don't see that you straightened out your ways, or the fact that you're facing a court

term, or a court penalty, that that has any influence on you, but I want you to understand it's a maximum of two years in jail and/or a $5000. fine. I'm going to order a presentence investigation, and I will review that presentence investigation. I'm not bound by anything else that anyone else has told you. If someone told you that maybe you're going to get off with probation, or something, I'm not necessarily going to agree with that. I don't know what it is. I don't know of anything else, and I'm going to look at that presentence report, and I'm going to sentence you the way I think you should be sentenced. Right now, there are other charges from another time, you come in here and you're on a charge of drunk driving, and you're still drinking.

I'll take the plea of guilty, if you want to plead guilty, I'll take the plea of guilty, but let me tell you I'm going to look at this very closely, and your maximum in this case is a possibility of two years in jail, and/or a $5000. fine, do you understand that?

A Yes.

Q Now, knowing that, do you still wish to plead guilty?

A Yes.

BY THE COURT: Very well, I'll accept the plea, and order a presentence investigation.

T.T., 4/10/89, pp. 8-9.

From the above, we believe it is apparent the court was at least contemplating a sentence beyond the mandatory two-day minimum and one in keeping with appellant's prior record. The court recognized appellant's drinking problem and not once, but three times, warned him of the possible fine and sentence and told him that following review of the presentence investigation, he would be sentenced the way in which the court believed he should be sentenced regardless of whatever other persons told him. At the time of sentencing, the court made the following additional comments as to his reasons for sentencing appellant as he did:

Very problematic file, and I don't think your attitude of denying your drinking problem has been helping you. In fact you seem to get into more problems every time something happens. In addition I'm concerned with some of the things that occurred up in Wyoming County. Now you attribute those incidents to drinking. Well, if those incidents are attributed to drinking, you better stop, and you're not doing it on your own. And if those incidents aren't attributable to drinking, then you've got some other problems that you better own up to.

So I don't like your record and I realize there's a minimum of two days sentence that I can impose in this but I think for your safety, and Mr. Rothstein called me, saw me regarding this matter and says you're a valued employee, always show up for work, you do your job and they'd like to have you. In fact everybody that you worked for says that, but I just don't like what I see with this drinking problem and the things it leads you into. And if you're not going to do it on your own we're going to take you out of circulation so you can't drink.

S.T., 6/30/89, pp. 3–4. The sentencing court found appellant had an alcohol problem with which he had not been able to deal effectively, and which the court found posed a serious risk, if left untreated. Drinking appeared to relate to other problems delineated in the presentence report which raised deep concerns with the trial judge. We, therefore, do not believe there was an abuse of the court's discretion in sentencing appellant to a minimum of nine months imprisonment.

Appellant makes a related argument the court failed to inform him of the permissible range of sentences under the guidelines, as required by *Commonwealth v. Royer*, 328 Pa.Super. 60, 476 A.2d 453 (1984). As evidenced by the sentencing transcript cited above, however, appellant was informed by the court of the two-day mandatory minimum sentence for his DUI conviction and the statutory maximum sentence of two years, and as there are no applicable

guidelines of which appellant could have been informed, there is no merit to appellant's argument.

As to requiring the sentence to be served in a state as opposed to a county institution, again, this is purely within the discretion of the trial judge limited only by statutes or Department of Correction regulations as to where a sentence, of particular duration or following conviction of a particular crime, may be served. *See Commonwealth v. Kriston,* 390 Pa.Super. 543, 568 A.2d 1306 (1990).

The following exchange took place at the conclusion of the sentencing proceeding:

MR. PETORAK: Your Honor, can we ask for county time on this. I believe you said nine months to two years in a state institution.

THE JUDGE: That's what—yes, that's what I said.

MR. PETORAK: Could have we have it—

THE JUDGE: I don't think he's going to get the help he needs. This man needs help and I think he should be in a state institution. I think he should be in a state institution. It's not going to happen here in Lackawanna County.

S.T. at 6. The trial court determined appellant needed treatment which was only available in the state institution and, therefore, directed the sentence be served where the treatment was available. In view of the general overload of both local and state institutions, it is not possible for this Court to determine that appellant would be better or worse served in one rather than the other.

While we might differ with the trial court as to the severity of the sentence for a first offender under the DUI statutes and the direction that the time be served at a state rather than a county institution, we are powerless to alter the sentence. Most first-time sentences for DUI are considerably less than imposed here and rarely, if ever, have we seen such a sentence mandated to be served in a state institution. The record, however, clearly establishes that the trial court at the guilty plea hearing informed the

appellant how seriously he viewed this matter and that guided by the presentence investigation, a sentence up to the statutory maximum would be a distinct if not likely possibility. Pursuant to *Commonwealth v. Devers*, 519 Pa. 88, 546 A.2d 12 (1988), the trial court acted within his discretion in imposing the sentence, which may not be disturbed on appeal. We, therefore, affirm the judgment of sentence.

Judgment of sentence affirmed.