592 A.2d 1363

**COMMONWEALTH Of Pennsylvania**

v.

**Ernest R. BASINGER, Appellant.**

Superior Court of Pennsylvania.

Argued May 24, 1991.

Filed June 20, 1991.

John A. Stets, Public Defender, Waynesburg, for appellant.

David F. Pollock, Dist. Atty., Waynesburg, for Com., appellee.

Before TAMILIA, POPOVICH and MONTGOMERY, JJ.

TAMILIA, Judge:

This is an appeal from the judgment of sentence entered following a guilty plea proceeding during which the appellant pled guilty to driving under the influence of alcohol (blood alcohol content .2), 75 Pa.C.S. § 3731(a)(1) and (a)(4). Following the plea, a presentence report was prepared and although the probation office recommended eight days incarceration, the sentencing judge entered a sentence of one to two years plus a fine of $300, a $10 emergency medical service fee, a $50 catastrophic loss fund fee and the costs of

these proceedings. In addition, the court determined the sentence would be served in the County Prison of Greene County, and for each day of satisfactory prison service, there would be a reduction of one day in the sentence so that the period of incarceration could be reduced to six months based on good time. In addition, the appellant was entitled to be released to attend his employment and was required to pay $8 per day to the Greene County Jail for board and administrative costs. Following successful completion of incarceration, appellant was to be paroled with other requirements to be completed while on parole.

On appeal, appellant primarily alleges that the trial court failed to comply with the Sentencing Code, 42 Pa.C.S. § 9722, **Order of probation,** and section 9725, **Total confinement,** thereby imposing an excessive sentence which failed to consider the appellant's prior history, his background, the evidentiary findings of this case and the potential for maintaining a stable and law abiding life in the future. A summary of the facts is essential both to our review and to evaluate the trial court's findings and reasons given for the sentence.

The charge of driving under the influence was filed following an incident in which the appellant struck an intoxicated pedestrian with a blood alcohol level of 0.33, who apparently jumped in front of appellant's vehicle. A coroner's jury reviewed the matter and recommended no charges pertaining to the death be filed; accordingly, none were filed by the State Police. The presentence report, contained in the record and reviewed by this Court, presented no conflicting information concerning the occurrence of the accident and of the appellant's account of this incident. The only witness appearing at the sentencing hearing was the adult probation officer. As stated above, the specific recommendation by the probation department was for a sentence of eight days incarceration.[1] Three character wit-

---

1. We are aware there is some authority and opinion that probation officers should make no recommendations, although in many jurisdic-

nesses produced by the appellant testified at length as to his good character and there was no rebuttal evidence presented by the Commonwealth. The sole charge against appellant, as indicated above, was driving under the influence, 75 Pa.C.S. § 3731. The penalty section of that statute, for a first offense, provides as follows:

**§ 3731, Driving under influence of alcohol or controlled substance**

. . . .

**(e) Penalty.—**

(1) Any person violating any of the provisions of this section is guilty of a misdemeanor of the second degree and the sentencing court shall order the person to pay a fine of not less than $300 and serve a minimum term of imprisonment of:

(i) not less than 48 consecutive hours.

The sentencing measures applicable to a defendant convicted of second degree misdemeanors are set forth in the Crimes Code, 18 Pa.C.S., as follows:

**§ 1101.  Fines**

A person who has been convicted of an offense may be sentenced to pay a fine not exceeding:

. . . .

(4) $5,000, when the conviction is of a misdemeanor of the second degree.

**§ 1104.  Sentence of imprisonment for misdemeanors**

A person who has been convicted of a misdemeanor may be sentenced to imprisonment for a definite term which shall be fixed by the court and shall be not more than:

tions, the probation officers are called upon to prepare the sentencing guideline forms.

. . . .

(2) Two years in the case of a misdemeanor of the second degree.

■ This case obviously comes within the constraints which have developed and evolved from *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987), as it implicates the sentencing discretion of the trial court. We analyzed whether or not drunk driving sentences such as this come within the purview of *Tuladziecki* and its progeny in *Commonwealth v. Morrison*, 391 Pa.Super. 449, 571 A.2d 453 (1990). In *Morrison*, we thoroughly reviewed the evolution of the Sentencing Guidelines, the Sentencing Code and the discretion of the court in relation to sentences for drunk driving. We believe much of what has been detailed in *Morrison* is applicable to this case. In view of the fact this sentence far exceeds that which is normally given for a first offense under 75 Pa.C.S. § 3731, and because the Commonwealth has not contested the appellant's attack on the sentencing discretion of the court and his right to raise the issue at this time, we believe the issue may properly be considered by this Court.

■ In *Morrison, supra,* we found the trial court did not err in imposing a nine-months to two years sentence on a defendant who pled guilty to driving under the influence when the court thoroughly justified the sentence by virtue of the prior history of the defendant and the fact his serious drinking problem seemed to have been beyond redemption and he had been drinking as recently as the day prior to sentencing. Also, in accepting the guilty plea, the court made it extremely clear to Morrison he was going to look at the case very closely and impressed on him that the maximum sentence in the case was a possibility of two years in jail and/or a $5,000 fine. The court found that because of his severe drinking problem, Morrison posed a serious threat unless treated and that his drinking problems related to other problems delineated by the presentence report. Under the circumstances of that case and pursuant to *Commonwealth v. Devers*, 519 Pa. 88, 546 A.2d 12 (1988),

we found the trial court acted clearly within its discretion and, therefore, determined the sentence would stand.

This case can be clearly distinguished from *Morrison.* We have no quarrel with the trial judge's right, pursuant to section 3731(e), to impose a sentence of one to two years in a DUI case. Because the sentencing guidelines do not apply to these cases [2] (75 Pa.C.S. § 3731(e)(3)), however, a sentence ordered pursuant to section 3731 must comply with the provisions contained in the Sentencing Code, 42 Pa.C.S. § 9701 *et seq.,* and in particular, as detailed in sections 9722, **Order of probation,** and 9725, **Total confinement.**[3] What led to an apparently excessive sentence under

2. We point out that proposed amendments to the Sentencing Guidelines, promulgated in the *Pennsylvania Bulletin,* Vol. 21, No. 19, May 11, 1991, if not acted upon by the legislature, will be effective on August 9, 1991.

§ 303.5 **Driving under the influence of alcohol or controlled substance and homicide by vehicle while driving under the influence.**

(a) When no victim suffered serious bodily injury, sentences for driving under the influence of alcohol or controlled substances are determined by application of 75 Pa.C.S. § 3731 (relating to mandatory imprisonment for driving under the influence of alcohol or controlled substance) and 42 Pa.C.S. § 9763(c) (relating to intermediate punishment for driving under the influence of alcohol or controlled substance).

(b) When one or more victims suffered serious bodily injury, the guideline sentence recommendations (in months) for convictions under 75 Pa.C.S. § 3731 (relating to driving under the influence of alcohol or controlled substance) are as follows:

| Conviction | Standard Range | Aggravated Range | Mitigated Range |
| --- | --- | --- | --- |
| 1st | 4–6 | 6–8 | 2–4 |
| 2nd | 7–9 | 9–11 | 5–7 |
| 3rd | 9–11 | 11–12 | 7–9 |
| 4th/subsequent | 12 | 12 | 9–12 |

3. The Sentencing Code has recently been amended to provide the courts with alternatives other than probation and total confinement in appropriate cases. 42 Pa.C.S. § 9763, **Sentence of intermediate punishment,** effective July 1, 1991. However, offenses under 75 Pa.C.S. § 3731 must be sentenced pursuant to section 3731(e). As to section 3731 driving under the influence offenses, intermediate punishment is restricted in the following fashion:

(c) **Restriction.**—A defendant convicted under 75 Pa.C.S. § 3731(e) (relating to driving under the influence of alcohol or controlled substance) may only be sentenced to intermediate pun-

section 3731 was the death of the pedestrian and the paramount consideration given this factor by the court in sentencing. We are guided by *Commonwealth v. Parrish,* 340 Pa.Super. 528, 490 A.2d 905 (1985), in which this Court held that when an unusually severe sentence was imposed after the taking of the guilty plea, the intent of the court to inflict a maximum sentence was not indicated at the time of the plea and the offense was one which would normally bring a less severe penalty, the sentence would be subject to review. Under the circumstances of this case, giving the death of the pedestrian primary importance in sentencing, while relegating the evidentiary findings, character witnesses and the presentence reports to an insignificant role, was an abuse of discretion. In its brief, the appellant focuses on these issues in alleging the court's abuse of discretion in imposing the sentence.

While it is not exactly on point, we can derive some insight into an appropriate sentencing rationale from *Commonwealth v. Lenhart,* 520 Pa. 189, 553 A.2d 909 (1989). In that case, the Supreme Court held that when there is no proof beyond a reasonable doubt that a homicide by vehicle was *caused* by defendant's driving while under the influence, he could not be convicted for homicide by vehicle while driving under the influence. We believe that unless a nexus was established between the pedestrian death and driving under the influence, thereby taking this case out of the category of first offense driving under the influence, imposing a sentence of one to two years on speculation violates the principle announced by *Lenhart.* The court would, of course, be precluded from considering appellant for ARD as a first offender, as section 3731(d) prohibits ARD when a person, other than defendant, was killed or seriously injured as a result of the accident. This appears to be a *per se* rule without qualification. The sentence

ishment:
(1) in a residential inpatient program or in a residential rehabilitative center; or
(2) by house arrest or electronic surveillance combined with drug and alcohol treatment.

imposed here was equivalent to that mandated for a person convicted three times previously for driving under the influence. *See* section 3731(e)(1)(iv). The presentence report spoke highly of Basinger and his character and from that report it could be derived that he is unlikely to commit another crime and that he would respond affirmatively to probationary treatment unlike the situation we found in *Morrison.* While the trial court, in its Opinion, acknowledged the testimony of the witnesses, the presentence investigation and the arguments of counsel, the court exercised its leniency powers by reducing the time appellant must spend incarcerated from one year to six months by earning the reduction on a day for day good time basis.

█ As indicated above, when imprisonment is ordered, the requirement of the statute is that the imprisonment be for a definite term to be fixed by the court. 18 Pa.C.S. § 1104. Although we commend the trial court for designing a sentence which would appear to be salutary, providing incentives for the appellant to minimize the effects of incarceration by the opportunity to continue in his employment and to reduce his time through his own good behavior, such a sentence is presently unauthorized by statute. As section 1104 provides the imprisonment must be "for a definite term," a sentence of one year to be reduced by up to six months upon certain behavior of the appellant does not comply with the statute. Additionally, under the Vehicle Code, 75 Pa.C.S. § 3731, the only work release authorized is pursuant to section 3731(h), which provides:

> **(h) Work release**—In any case in which a person is sentenced to a period of imprisonment as a result of a conviction for violating any provision of this section, the judicial officer imposing that sentence shall consider assigning that person to a daytime work release program pursuant to which the person would be required to collect litter from public and private property, especially property which is littered with alcoholic beverage containers.

While the legislature has under serious consideration various "good time bills," it is inappropriate for the judiciary to

construct individual programs, particularly in such a volatile area as drunk driving. The courts and legislature are struggling to provide an appropriate response to what is now considered a serious national problem causing death, serious injury and loss of property to great numbers of persons in our society. Only the legislature, with its investigative and deliberation powers, can fairly determine an appropriate response to alternative sentencing. We believe it is unlikely the court would have imposed this sentence if he limited himself to the alternatives legally available to him and based on the evidence established by the record in this case. Thus we see the need to restrict trial courts to the statutory provisions of the Crimes Code and Sentencing Code, for to do otherwise compromises the criminal justice system.

The court, giving his reasons for the sentence, focused on the homicide of the pedestrian.

Further, a sentencing judge must consider the damage to society and the victim even where, as in this case, the Commonwealth chose not to prosecute for homicide by vehicle due to inconclusive evidence as to all factors leading to the death. Although the defendant testified, and this Court accepts the testimony, that the victim was on the traveled portion of the highway at the time of impact, it is not known and it will never be known as to whether the incident could have been avoided had the defendant not been driving under the influence, a concern which was stressed at the time of sentencing.

(Slip Op., Grimes, J., 1/11/91, pp. 2-3.) Here, it is clear the trial court was speculating on matters which were not of record and which had not been developed by any investigation, testimony or legal finding. *See Lenhart, supra.* As such, the trial court gave undue weight to that aspect of the case and gave insufficient weight to the mandate of the Sentencing Code which requires an evaluation of the factors relating to the defendant's character and his prospects for leading an exemplary life if placed on probation.

■ Our finding today in no way limits a trial judge in imposing a maximum sentence when such a sentence can be justified on the record. The sound discretion of the trial judge will not be overturned by this Court when the reasons for the sentence are established on the record and the Sentencing Code or the Sentencing Guidelines, when applicable, have been properly applied. Here, as we previously stated, the sentencing report indicated appellant had no record whatsoever and no citations recorded against him by the Pennsylvania Department of Transportation. It is appellant's first and only violation of the Motor Vehicle Code. As stated above, reputable character witnesses (unshaken by cross-examination), asserted appellant had no drinking problem, had never had any problems in the community in any respect and gave only the highest recommendations concerning him. The appellant, in his testimony, showed a great deal of remorse and his description of the accident indicated it was possibly unpreventable whether he had been drinking or not since the victim was on the traveled part of the highway at night and in dark clothing. The trial judge stated he found the appellant's testimony completely credible and believable which indicates he had no basis for finding that the accident could have been prevented by the appellant. According to appellant's version of the incident, which was accepted by the court, he saw the victim on the road, then the victim got off the road, and as appellant continued to travel forward, the victim jumped back in front of the car and there was nothing appellant could do to avoid the accident as there was a car coming from the other direction.

We, therefore, find that under the circumstances of this case, having thoroughly reviewed the record, including the sentencing proceedings, presentence report and other relevant reports, the court abused its discretion in entering a sentence of one year to two years and, therefore, the sentence must be revisited in light of this Opinion.

Case remanded for resentencing in accordance with this Opinion.

Jurisdiction relinquished.