J-S54011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHANE ALLSHOUSE | : | |
| | : | |
| Appellant | : | No. 1899 WDA 2016 |

Appeal from the Judgment of Sentence November 2, 2016
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s):  CP-33-CR-0000258-2016

BEFORE:   OTT, J., MOULTON, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED SEPTEMBER 25, 2017**

Shane Allshouse appeals the judgment of sentence imposed on November 2, 2016, in the Court of Common Pleas of Jefferson County. A jury found Allshouse guilty of persons not to possess firearms,[1] a felony of the second degree, and the trial court imposed a sentence of five to ten years' imprisonment.  The sole issue raised by Allshouse in this appeal is a challenge to the discretionary aspects of his sentence.  Based upon the following, we affirm.

The evidence supporting Allshouse's conviction was summarized by the trial court, as follows:

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 6105(a)(1).

[Allshouse] had been convicted of aggravated assault in 2004 and was thus statutorily disqualified from possessing a firearm, and when [Pennsylvania State] Trooper Seth Rupp went out to investigate a reported suicide at [Allshouse's] residence, [Allshouse] informed him that the rifle the victim had used was his. … In addition, …, [Allshouse] admitted both elements of the offense [18 Pa.C.S. § 6105(a)(1)] in front of the jury, first that he had both possessed and used the firearm, and also that he had been convicted of aggravated assault. His only defense was ignorance of the law, which [is] not a legally cognizable defense and which the jury also did not have to believe as a matter of fact.[1]

_____

[1] Whether or not the jurors believed [Allshouse] had not been told earlier, they heard that Trooper Rupp had told him shortly after the shooting that he could not possess a firearm.

_____

Trial Court Opinion, 4/24/2017, at 1.

As already stated, the jury convicted Allshouse of persons not to possess a firearm, and the trial court sentenced him to five to ten years' imprisonment. Allshouse filed a timely post sentence motion for reconsideration of sentence, which was denied, and this appeal followed.[2]

At the outset, we state the prerequisites for review of a discretionary aspects of sentencing claim:

A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. ***Commonwealth v. Hunter***, 2001 PA Super 38, 768 A.2d 1136 (Pa.Super. 2001). Prior to reaching the merits of a discretionary sentencing issue:

_____

[2] Allshouse timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement.

- 2 -

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans***, 2006 PA Super 132, 901 A.2d 528, 533 (Pa.Super. 2006) (citations omitted).

\*\*\*\*

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

***Commonwealth v. Moury***, 2010 PA Super 46, 992 A.2d 162, 170 (Pa.Super. 2010) (citation, quotation marks, and quotation omitted).

***Commonwealth v. Grays***, \_\_\_ A.3d \_\_\_, \_\_\_ [2017 PA Super 245] (Pa. Super. July 27, 2017).

Instantly, the appeal is timely and Allshouse preserved the discretionary aspect of sentencing issue by filing a post sentence motion for reconsideration. Further, Allshouse has included in his brief the required Pa.R.A.P. 2119(f) statement, asserting "A claim that the sentencing court sentenced within the guidelines but failed to consider the factors set out in 42 Pa.C.S. § 9721(b) presents a substantial question." Allshouse's Brief at 5

(citation omitted). Section 9721(b) requires the sentencing court to "follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). In *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1266 (Pa. Super. 2014) (*en banc*), this Court held that "[a]rgument that the sentencing court failed to consider the factors proffered in 42 Pa.C.S. § 9721 does present a substantial question." (citation omitted). Accordingly, all the requirements for review of the discretionary aspects of sentencing claim have been met.

Our standard of review is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S.[A.] §§ 9781(c) and (d). Subsection 9781(c) provides:

> The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

> > (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

- 4 -

> (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
>
> (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.
>
> In all other cases[,] the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S.[A.] § 9781.

In reviewing the record, we consider:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S.[A.] § 9781(d).

***Commonwealth v. Johnson***, 125 A.3d 822, 825-27 (Pa. Super. 2015) (case citations omitted).

Here, the sentencing guideline recommendations for possession of a firearm, based upon Allshouse having a prior record score of two, and an offense gravity score of 10 was 24 months for the mitigated range, 36-48 months for the standard range, and 60 months for the aggravated range.

- 5 -

*See* Pennsylvania Sentencing Guideline Form, 11/2/2016.[3]  The statutory maximum sentence for a felony of the second degree is 10 years' imprisonment.  *See* 18 Pa.C.S. § 1103(2).  Therefore, Allshouse's 5-10 year sentence is the statutory maximum and falls in the aggravated range of the sentencing guidelines.  Because the sentence falls within the guidelines, we review the sentence to determine if the trial court's application of the guidelines is "clearly unreasonable."  42 Pa.C.S. § 9781(c)(2).

At sentencing, the trial court explained its sentence, addressing Allshouse, as follows:

> You weren't allowed by law, as your attorney pointed out; and as the jury found, you're not allowed [to possess a firearm] because you have a felony aggravated assault, which also is what makes your prior record score a two.  The situation regarding firearms charges and why I take them so seriously, I mean, regular citizens' gun rights are under attack constantly; and by regular citizens, I mean those that don't have a criminal record or mental health commitment or other things that take away the right to bear arms.  And in your case, that right was taken away even though you continued to possess the gun your father gave you at 12.  Now, the standard range sentence is anywhere from three to four years.  I can't go away from sentencing you to total confinement because this is exactly the kind of thing the law was meant to prevent people who have felonies to possess firearms.  And why don't they want a person who's committed a felony like aggravated assault to possess a firearm? Because bad things can happen, and people can get killed.  In your case, not only did you possess it, you did not keep it in a safe manner or with ammo separate; and because of

_____

[3] *See* Pennsylvania Sentencing Guidelines Manual (7th edition) (9/25/2015), 204 Pa. Code § 303.15 ("Firearms-persons not to possess: convicted of enumerated felony (loaded/ammo available) [18 Pa.C.S. § 6105](a.1)(1)").

that, a child's committed suicide, which I am finding is an aggravating factor to your case of possession of a firearm. This isn't one where police came in the door because the child was acting up and the school [sic] saw the gun and arrested you. In that case, I'd probably still go with a standard range or maybe mitigated, but it would be at the bottom because I think after you've already served a year in jail, you've got to know you can't have a gun. But I'm finding the aggravated factor that this gun was used in a suicide. And I'm going to sentence you to no less than five nor more than ten years in a state correctional facility with credit for the time you've served at any time on this case….

N.T., 11/2/2016, at 5–7.

Allshouse argues that the trial court's 5-10 year sentence is "clearly unreasonable" because "[t]he objectives of [42 Pa.C.S. §] 9721(b) of the Pennsylvania Sentencing Code could have been achieved without the imposition of such a lengthy sentence." Allshouse's Brief at 6. Additionally, Allshouse argues that he "and other similarly situated offenders would be deterred by a mitigated or standard range sentence." *Id.* at 8. These arguments are meritless. The Pennsylvania Supreme Court has made clear that "under the current Sentencing Code there is no requirement that a sentencing court's imposition of sentence must be the minimum possible confinement[.]" *Commonwealth v. Walls*, 926 A.2d 957, 965 (Pa. 2007). Consequently, these arguments fail to warrant relief.

Allshouse further contends a mitigated or standard range sentence is warranted because: (a) his underlying felony occurred in 2004 and he has been offense free for 11 or 12 years, (b) he is forty years of age, suffers from disability (artificial eye, back and cardiac problems) and has family support, and (c) "[s]uicide on the part of a third party is insufficient and

beyond [Allshouse's] reasonable foreseeability and control. ***Commonwealth v. Basinger***, 592 A.2d 1363 (Pa. Super. 1991)." Allshouse's Brief at 7–8. Allshouse asserts the trial court "gave death of a third party primary importance in sentencing while relegating moot mitigating factors including the fact that [Allshouse's] underlying felony conviction occurred in 2004 and involved a domestic dispute, [Allshouse's] poor health, age (40) and family support." ***Id.*** at 8.

The trial court rejected these arguments in its opinion, stating:

[Allshouse] lists several "mitigating circumstances" he says the Court failed to consider at sentencing, but the record does not support his claim. On the contrary, the Court reviewed his presentence investigation report prior to the hearing and was thus familiar with his history. See *Commonwealth v. Antidormi*, 84 A.3d 736, 761 (Pa. Super. 2014) (saying that the existence of a presentence report creates the presumption that the sentencing judge was aware of relevant information regarding the defendant's character and weighed it along with mitigating statutory factors). It also presided over his trial, and between it and the sentencing hearing, either [Allshouse] or his attorney highlighted each of the allegedly mitigating circumstance[s]. He now assumes, though, that the Court's failure to mention them equates with a failure to consider them rather than an assessment that they did not warrant a lesser sentence, and the record simply does not sustain that assumption.

Nor was it error for the Court to consider the deadly outcome of [Allshouse's] crime. Had he not possessed the rifle, and had he not kept it loaded in a highly visible location, easily accessible to a 16-[y]ear-old girl who did not know how to operate it, she may still be alive today, and her twin sister certainly would not have found her dead from its blast. That is not to say that [Allshouse] anticipated that outcome. In choosing to possess a firearm, however, he chose to accept the very sort of risk the legislature purposed to avoid when it enacted 18 Pa.C.S. § 6105. *See also* Sentencing Transcript, 11/[2]/2016, pp. 5-7 (recording the Court's contemporaneous explanation for why it

was imposing the maximum sentence in this case). The Court could not overlook that, not because it bore any animosity or ill-will toward [Allshouse], but because the egregious consequences of his crime called for a more severe penalty.

Trial Court Opinion, 4/24/2017, at 2.

It is well settled that this Court is not permitted to substitute its judgment for that of the sentencing court and re-weigh the various sentencing factors at play in a sentencing decision. *Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009) ("We cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court." (*citing* *Commonwealth v. Walls*, 926 A.2d 957 (Pa. 2007)). Furthermore, in the present case, the sentencing court had the benefit of a presentence report and has also indicated in its opinion that it was aware of and weighed the mitigating factors; therefore, we are required to presume that it gave proper consideration and weight to the various factors Allshouse presented in support of mitigation of the sentence. *Macias*, *supra* (citing *Commonwealth v. Devers*, 546 A.2d 12 (Pa. 1988)). Consequently, we cannot disturb Allshouse's sentence based on his position that the trial court should have given greater significance to mitigating factors.

Furthermore, Allshouse's argument that "suicide on the part of a third party is insufficient and beyond [Allshouse's] reasonable foreseeability and control," with citation to *Basinger, supra*, fails to warrant relief.

In *Basinger*, the defendant was driving under the influence (DUI) when he fatally struck an intoxicated pedestrian who jumped in front of his vehicle. The defendant entered a guilty plea to DUI-first offense and was

sentenced to one to two years' imprisonment. On appeal, this Court found the trial court, in sentencing the defendant, had speculated on matters that were not of record, regarding the cause of the accident. *Id.* at 1367. In addition, this Court pointed out the trial court had rejected its own credibility determination accepting the defendant's testimony that he could not have avoided the fatal accident. *Id.* at 1368. Therefore, this Court remanded the case for resentencing. *Id.* However, the *Basinger* Court made clear:

> Our finding today in no way limits a trial judge in imposing a maximum sentence when such a sentence can be justified on the record. The sound discretion of the trial judge will not be overturned by this Court when the reasons for the sentence are established on the record and the Sentencing Code or the Sentencing Guidelines, when applicable, have been properly applied.

*Id.* at 1367.[4]

Here, in contrast to *Basinger*, the sentence imposed is a fully justified sentence based upon facts of record. *See* N.T., 11/2/2016, at 6, *supra* (stating that Allshouse not only possessed the rifle, he did not keep it in a safe manner and because of that, a child committed suicide). *See also* Trial Court Opinion, 4/24/2017, *supra* at 2. Therefore, we conclude Allshouse is not entitled to relief on this claim.

---

[4] It bears noting that *Basinger* did not involve the sentencing guidelines. *See id.* at 1365–1366.

In sum, we conclude the trial court's reasons for imposing a sentence in the aggravated range do not appear to be "clearly unreasonable." 42 Pa.C.S. § 9781(c)(2). Therefore, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/25/2017