513 A.2d 475

**COMMONWEALTH of Pennsylvania**

v.

**Fonza Harry BLACK, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1985.

Filed Aug. 4, 1986.

Barry F. Feudale, Shamokin, for appellant.

Joseph Toddy, Assistant District Attorney, Milton, for Com., appellee.

Before ROWLEY, DEL SOLE and BECK, JJ.

DEL SOLE, Judge:

This appeal challenges the sentence imposed following Appellant's guilty plea to charges of robbery, false imprisonment and criminal mischief. We are specifically asked to consider whether the trial court erred in sentencing Appellant under the aggravated range of the guidelines, and in imposing a deadly weapon enhancement. In addition, Appellant attacks the constitutionality of the deadly weapon enhancement provisions of the Sentencing Guidelines.

After examining the record, we find that the court erred in applying the deadly weapons enhancement in light of this court's recent decision in *Commonwealth v. Taylor*, 346 Pa.Super. 599, 500 A.2d 110 (1985). Since we remand for resentencing based upon this issue, we find no reason to address Appellant's remaining challenges.

The Majority of the court in *Taylor*, noted:

This court believes the Commonwealth is bound by the record on the plea as to what the defendant admitted in exchange for the plea of guilty. Thus, the record neither establishes there was a weapon involved in the assault and battery, nor that one was possessed by the defendant at the time of the other offenses to which he tendered a plea of guilty.

*Id.* 346 Pa.Super. at 613, 500 A.2d 117, *citing: Commonwealth v. Sojourner*, 268 Pa.Super. 472, 408 A.2d 1100 (1978), *aff'd as modified on rehearing*, 268 Pa.Super. 488, 408 A.2d 1108 (1978).

In the instant case, at Appellant's plea colloquy the following exchange occurred:

Now, Mr. Black, I would like you to tell me in your own words what you did on this occasion?

THE DEFENDANT: Well, Your Honor, you already have the evidence.

THE COURT: I haven't heard it. The Policeman has it and the District Attorney, but I don't. I don't know what you did. Will you tell me what you did?

THE DEFENDANT: I stole a car. I stole a vehicle and tied her up. (The remaining portion of the answer was not audible to the Reporter.) I also damaged the car.

THE COURT: You went into the Koch home and you tied up Mrs. Koch. Is that correct?

THE DEFENDANT: Yes.

THE COURT: And you damaged the property and you also stole a car?

THE DEFENDANT: Right.

THE COURT: Mr. Agler, is there anything you want to add as far as the factual background is concerned?

MR. AGLER: I think in layman's terms, he adequately described what he did on March 28th, 1983, in Lewis Township. He did, through force, take a vehicle from— and a small amount of money from Mrs. Koch in Lewis Township, and he did unlawfully restrain her in that he did take and tie her up, although there was some struggle, and Mrs. Koch was tied up.

He did not attempt to harm her, and I don't know any other way to explain it other than he restrained her in the struggle to do so.

Further, I state he did do some damage which was consistent with our Report in that he used the phone cord or a light cord in the house while he was doing this to her, and for some reason, he cut the phone lines.

Although at sentencing it was revealed that Appellant cut the phone line with a knife, Appellant never admitted at the plea proceeding that he possessed a knife or any type of deadly weapon at the time of the crime. We, therefore, conclude the trial court erred when it applied the deadly weapons enhancement provisions in sentencing Appellant.

Judgment of Sentence vacated. Case remanded for re-sentencing consistent with this opinion. Jurisdiction relinquished.