553 A.2d 909

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Ronald C. LENHART, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 28, 1988.

Decided Feb. 1, 1989.

190

Thomas J. Schuchert Vicki Kuftic Horne Thomas Schuchert & Associates, Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Deputy Dist. Atty., and Dora A. De Courcy, Asst. Dist. Atty., Pittsburgh, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and STOUT, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

In this appeal from judgment of sentence imposed following appellant Ronald C. Lenhart's conviction of homicide by

vehicle while driving under the influence (DUI), a violation of 75 Pa.C.S. § 3735, we confront the question of whether the trial judge improperly based his finding of guilt on inadequate proof that appellant's drunk driving caused the death of another motorist. We hold that, on the record in this case, there was insufficient evidence to prove the requisite causation beyond a reasonable doubt, and that appellant's homicide conviction must be set aside.

A fatal head-on collision occurred at 2:00 a.m. on November 19, 1983, on a two-lane highway in South Fayette Township, Allegheny County, Pennsylvania. William Bateman, driver of the northbound vehicle, died as the result of injuries received when his car collided with the southbound vehicle driven by appellant. Appellant, injured in the accident, was taken to a hospital where a blood sample was taken; analysis disclosed a blood alcohol content of 0.21%. Mr. Bateman's blood was also analyzed, and it contained no alcohol.

There were no eyewitnesses to the accident. The police investigation was conducted by an officer who had little experience with head-on collisions, and the Commonwealth produced no evidence from an accident reconstruction expert, nor, indeed, from any expert witness whatever.

The Commonwealth developed, through photographs and the testimony of the investigating officer, that there were no skid marks, that debris from the collision was scattered equally across both lanes of travel, and that both vehicles came to rest in their respective lanes, except that the rear of appellant's vehicle overhung the center line by somewhat less than two feet. Witnesses established that appellant had been observed drinking between three and six servings of beer at a restaurant and bar during a two-hour period preceeding the accident.

Based on the investigation and the blood test, appellant was charged with five motor vehicle offenses: 1) homicide by vehicle, 75 Pa.C.S. § 3732; 2) reckless driving, 75 Pa.C.S. § 3714; 3) driving on the wrong side of the roadway, 75 Pa.C.S. § 3301; 4) DUI, 75 Pa.C.S. §§ 3731(a)(1) and

3731(a)(4); and 5) homicide by vehicle while DUI, 75 Pa.C.S. § 3735. Appellant elected to be tried without a jury. At the close of the prosecution's case, appellant demurred to the charges, and the judge sustained the demurrer as to the first three offenses.

In granting the demurrer, the court stated:

One has to speculate where this impact really was, because, as indicated by the testimony of the officer, the debris, other than the dirt in the rear of the car, is all over the road, on both sides, extending from side to side as you look at the highway. One can speculate as to what happened here, but the standard here is beyond a reasonable doubt, and I am not so sure that you can say that beyond a reasonable doubt the Defendant's vehicle was on the wrong side of the road or that he had been driving on the wrong side of the road prior to the impact.

. . . .

[W]hen you are charging somebody with driving to the left of the center line based on circumstantial evidence, without any skid marks, and based solely on the photos here or the testimony of the officer, I think it's a very weak case.

So I have sustained the demurrer, and I think, having done that, I would also have to sustain the demurrer then as to the homicide by vehicle count which is based on the reckless driving ... and driving on the right side of the highway.

N.T., 8/21/84, at 274–75.

As to the remaining charges, DUI and homicide by vehicle while DUI, the court took the demurrer under advisement to consider the briefs of the parties, and then, on August 28, 1984, found appellant guilty of the two offenses. Appellant was later sentenced to serve the mandatory minimum of three years but not more than seven years for the homicide conviction, and a concurrent term of eleven and one-half to twenty-three months for DUI. The Superior Court affirmed the judgments of sentence. 361 Pa.Super. 635, 517 A.2d 1365. We granted appellant's petition for

allowance of appeal to review only the conviction for homicide by vehicle while DUI, 75 Pa.C.S. § 3735.

In explaining the guilty verdicts, the trial judge wrote that his apparently contradictory acquittal for crossing the center line was not based on a finding that appellant's car did not cross the center line, but was "rather a recognition that not all such instances of crossing the line constitute a violation of section 3301." Slip opinion, 10/11/85, at 4 n. 3. The judge reasoned: "Although there is no direct evidence on the question of causation, the position of the vehicles after the accident supports the conclusion that defendant's car crossed the double yellow line...." He concluded: *"There is no other reasonable explanation for this tragic accident." Id.* at 4–5 (emphasis added).

▪ The issue is whether, under these circumstances, the Commonwealth produced sufficient evidence to prove, beyond a reasonable doubt, that appellant's driving under the influence caused the death of Mr. Bateman.

The statute at issue reads in pertinent part:

**§ 3735. Homicide by vehicle while driving under influence**

(a) **Offense defined.**—Any person who unintentionally *causes* the death of another person *as the direct result* of a violation of section 3731 (relating to driving under the influence of alcohol or controlled substance) and who is convicted of violating section 3731 is guilty of a felony of the third degree *when the violation is the cause of death* and the sentencing court shall order the person to serve a minimum term of imprisonment of not less than three years.

75 Pa.C.S. § 3735(a) (emphasis added). It is clear that the DUI violation must be the cause of death in order to sustain a conviction under this criminal statute, and the causation must be proved beyond a reasonable doubt, as must every element of the offense. *Commonwealth v. Williams*, 463 Pa. 370, 344 A.2d 877 (1975).

■ It was stipulated that Mr. Bateman died of injuries suffered in the accident, so the causation in question is whether appellant's drunk driving caused the accident. The common forms of proof such as eyewitness testimony, skid marks, or accident reconstruction expert testimony, were entirely absent from this case. The trial judge properly concluded that he would have to *speculate* to find that appellant's vehicle crossed the center line prior to the collision.[1] The same reasoning applies with equal force to the offense of homicide by vehicle while DUI under section 3735. It is not enough to conclude that appellant's intoxication was *the most likely cause* of the accident and death; causation must be established *beyond a reasonable doubt* in order to sustain the conviction. It is, of course, a reasonable possibility that an absolutely sober motorist might doze off at 2:00 a.m., lose control of his car, and cause an accident. The scanty evidence of record in this case simply fails to prove that appellant caused the accident.

It hardly needs to be said that under our law speculation, possibilities, and probabilities cannot sustain a criminal conviction. What is needed is evidence, and, in this case, the Commonwealth plainly failed to produce the necessary proof at appellant's trial.

Accordingly, the judgment of sentence entered upon appellant's conviction under section 3735 must be vacated; the

1. The trial court's belated effort, in its opinion pursuant to Pa.R.A.P. 1925(a), to justify a finding that appellant's vehicle crossed into the northbound lane prior to the collision, fails to satisfy the beyond a reasonable doubt standard. To say that "there is no other reasonable explanation for this tragic accident" is insufficient. It is not a defendant's burden to produce another reasonable explanation; it is the Commonwealth's burden to prove beyond a reasonable doubt that the defendant's intoxication was the direct cause of death. 75 Pa.C.S. § 3735. The trial court's Rule 1925 opinion does not overcome the correct observation of the court during the trial: "One can speculate as to what happened here, but the standard here is beyond a reasonable doubt, and I am not so sure that you can say that beyond a reasonable doubt the Defendant's vehicle was on the wrong side of the road or that he had been driving on the wrong side of the road prior to the impact." N.T., 8/21/84, at 274.

case is remanded for execution of the sentence imposed under section 3731 for DUI.

LARSEN, J., files a dissenting opinion.

LARSEN, Justice, dissenting.

The offense of *Homicide By Vehicle While Driving Under The Influence* is defined by statute as follows:

Any person who unintentionally causes the death of another person as the direct result of a violation of Section 3731 (relating to driving under influence of alcohol or controlled substance and who is convicted of violating section 3731 is guilty of a felony of the third degree when the violation is the cause of death and the sentencing court shall order the person to serve a minimum term of imprisonment of not less than three years.

75 Pa.C.S.A. § 3735(a). Based upon the record in this case, the essential elements of the charge of homicide by vehicle while driving under the influence were proved beyond a reasonable doubt. Accordingly, I would affirm the judgment of sentence.

There is no question that the appellant, Ronald C. Lenhart, was properly convicted of violating 75 Pa.C.S.A. § 3731 relating to driving under the influence of alcohol. The evidence established that appellant's blood alcohol exceeded 0.20% at the time of the accident and at that level he was incapable of safe driving. *See Commonwealth v. Mikulan*, 504 Pa. 244, 470 A.2d 1339 (1983). In *Mikulan*, we said: "It 'is now virtually universally accepted that a person with a [blood alcohol percent] of 0.10 should not be driving.'" *Id.*, 504 Pa. at 249, 470 A.2d at 1341 (citation omitted). The trial court, in convicting the appellant of homicide by vehicle while driving under the influence, found that the unintentionally caused death of the victim William Bateman was the direct result of appellant's violation of § 3731—driving under the influence of alcohol. The lower court concluded that from the position of the two vehicles after the accident, the appellant's car had crossed the

double yellow centerline and collided with the victim's oncoming vehicle.

In considering a challenge to the sufficiency of the evidence, we view all of the evidence in the light most favorable to the Commonwealth, the verdict winner, and accept as true all direct and circumstantial evidence which, if believed, would support a finding that the accused is guilty beyond a reasonable doubt. *Commonwealth v. Pettus,* 492 Pa. 558, 424 A.2d 1332 (1981). "Further, while it is clear that a criminal conviction may not be based upon mere speculation or conjecture, evidence may still be found sufficient even though wholly circumstantial." *Commonwealth v. Holzer,* 480 Pa. 93, 389 A.2d 101, 103, 104 (1978).

Viewing the evidence in the light most favorable to the Commonwealth and drawing all reasonable inferences favorable to the Commonwealth, it was established that the appellant was operating his vehicle while having a blood alcohol content of more than 0.20% in violation of § 3731; that appellant's automobile, travelling south, crossed over the centerline of the roadway into the northbound lane and struck the victim's oncoming vehicle; and that the victim died as a result of injuries he suffered in the collision. I would hold that the evidence, albeit circumstantial, supports appellant's conviction of homicide by vehicle while driving under the influence of alcohol and affirm the order of the Superior Court.[1]

I dissent.

1. The fact that the trial court sustained demurrers to the charges of homicide by Vehicle, 75 Pa.C.S.A. § 3732; reckless driving, 75 Pa.C.S.A. § 3714; and driving on the wrong side of the roadway, 75 Pa.C.S.A. § 3301 does not preclude appellant's conviction of driving under the influence of alcohol, 75 Pa.C.S.A. § 3731 and homicide by vehicle while driving under the influence of alcohol, 75 Pa.C.S.A. § 3735. The trial judge explained that the sustaining of the demurrers did not constitute a judicial finding that the appellant's vehicle did not cross the centerline of the highway, but rather was a recognition that not all instances of crossing over the centerline amount to a violation of § 3301. Further, even if we assume that the verdict of guilty on the charge of homicide by vehicle while driving under the influence is inconsistent with the sustaining of a demurrer to the charge of driving on the wrong side of the road, this inconsistancy alone is not grounds

for reversing the conviction. "It has long been the rule in Pennsylvania ,and in the federal courts that consistency in a verdict in a criminal case is not necessary." *Commonwealth v. Carter,* 444 Pa. 405, 282 A.2d 375 (1971) (citations omitted).