575 A.2d 620

**COMMONWEALTH of Pennsylvania**

v.

**Jorge ECHEVARRIA, Appellant.**

Superior Court of Pennsylvania.

Submitted March 6, 1990.

Filed May 24, 1990.

See also, 393 Pa.Super. 320, 574 A.2d 631.

262

Arthur T. McDermott, Carlisle, for appellant.

Syndi L. Norris, Asst. Dist. Atty., Carlisle, for Com., appellee.

Before WIEAND, TAMILIA and POPOVICH, JJ.

TAMILIA, Judge:

Appellant Jorge Echevarria appeals judgment of sentence entered August 15, 1989. After a jury trial, appellant was found guilty of unlawful possession with intent to deliver a Schedule II controlled substance, cocaine,[1] and unlawful possession of drug paraphernalia.[2] The facts which gave rise to this case may be summarized as follows.

On September 22, 1988, police executed a search warrant at 149 North Bedford Street in Carlisle, Pennsylvania, appellant's residence. As a result of the search, the police seized 95.24 grams of cocaine laced with inositol, as well as

1. 35 Pa.S. § 780–113(a)(30).
2. 35 Pa.S. § 780–113(a)(32).

various drug paraphernalia and records detailing drug transactions. The basis for the search warrant was a confidential informant whom appellant knew personally, and who conducted two controlled purchases of cocaine from appellant on behalf of the police on September 14, 1988 and September 20, 1988.

Appellant was taken to the Carlisle police station after the search of his residence, where he waived his *Miranda* rights and volunteered to arrange a cocaine purchase for police from a dealer in Philadelphia. The police accepted this offer, and upon being given his telephone book, appellant made three telephone calls to a Philadelphia number listed in his book, which he consented to permit the police to record. These conversations resulted in appellant negotiating to purchase two kilos of cocaine for $36,000. Philadelphia police subsequently arrested the seller and seized 1636.85 grams of cocaine.

■ On appeal, appellant first argues the search warrant was invalid as based on insufficient evidence to establish probable cause.

In determining probable cause, Pennsylvania has adopted the "totality of the circumstances" test set forth in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), and followed in *Commonwealth v. Gray* 509 Pa. 476, 503 A.2d 921 (1985). The test now utilized for analyzing warrants is as follows:

The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . conclud[ing] that probable cause existed."

*Commonwealth v. Melilli,* 521 Pa. 405, 419, 555 A.2d 1254, 1261 (1989) (citation omitted), quoting *Gates, supra* at 237–38, 103 S.Ct. at 2332.

*Commonwealth v. Karns,* 389 Pa.Super. 58, 60, 566 A.2d 615, 616 (1989).

Applying the above standard to the instant case, we find the affidavit established probable cause for the issuance of the search warrant.

The police informant on two prior occasions, just before the issuance of the search warrant, had made controlled purchases of cocaine from appellant, and on both occasions Detective Michael F. Strine was the control officer who was present and received the drugs from the informant. Detective Strine referred specifically to the two prior purchases in his affidavit of probable cause. While appellant would have the affidavit set forth various other specific facts, we find the affidavit as presented allowed the issuing magistrate to conclude there was a fair probability cocaine would be found at appellant's residence. We find the magistrate had a substantial basis for concluding probable cause existed, and this claim is therefore without merit.

Appellant next argues the state police criminologist who testified at trial was not competent to testify as an expert witness in the area of identification of controlled substances.

The qualification of expert testimony lies within the sound discretion of the trial court and will not be reversed absent a clear abuse of that discretion. Further, such expert testimony may be based on knowledge acquired through practical experience rather than academic training. *Commonwealth v. Ellis,* 354 Pa.Super. 11, 510 A.2d 1253 (1986).

In light of the above standard, we cite with approval the Opinion of the trial court, and find this claim by appellant without merit.

The Pennsylvania State Police criminologist who identified at trial the substances obtained by the informant, the substances seized at defendant's residence on September

22nd, and the substances seized by the Philadelphia detectives, as cocaine, had a college degree in biology with a minor in chemistry. She subsequently received further training in the identification of illegal drugs and substances at both the Pennsylvania State Police laboratory and at a seminar conducted by the Federal Drug Enforcement Agency. She had performed drug analysis duties at the Pennsylvania State Police laboratory for two years, during which time she performed between five hundred and one thousand tests on substances suspected to be cocaine. She has been qualified and testified as an expert witness in numerous courts on many occasions.

(Slip Op., Bayley, J., 7/10/89, p. 5.)

Appellant's next argument is the trial court erred in allowing testimony by Detective Strine regarding the two controlled purchases of cocaine by the informant on September 14 and September 20, 1988, both of which sales Detective Strine monitored personally, as well as appellant's negotiation to purchase two kilos of cocaine for Philadelphia police after his arrest.

Although evidence of prior bad acts or uncharged crimes is generally inadmissible, exceptions exist to prove motive; intent; absence of mistake or accident; common scheme, plan or design; or to establish the identity of the person charged with the commission of crime on trial. *Commonwealth v. Slyman,* 334 Pa.Super. 415, 483 A.2d 519 (1984). Nevertheless, even where evidence is within one of the above exceptions its probative value must still outweigh its prejudicial effect. *Commonwealth v. Brozik,* 364 Pa.Super. 80, 527 A.2d 161 (1987).

Appellant was charged with possession with intent to deliver 95.24 grams of cocaine seized in his home on September 22, 1988. Testimony by Detective Strine that an informant, who had been strip searched by the police and had no contraband on his person and no money except that provided by police, was able to purchase cocaine from appellant on two occasions in the days leading up to appellant's arrest for a third sale, was directly relevant to the

charge of possession with intent to deliver cocaine. This testimony, as well as testimony regarding appellant's arranged purchase of $36,000 worth of cocaine from his Philadelphia source, was probative of appellant's status as a cocaine dealer.

■ Any possible prejudicial effect of the testimony was cured by the court's instruction to the jury that in considering whether appellant possessed cocaine on September 22, 1988 with intent to deliver, it should consider:

Whether defendant on other occasions had ever sold or delivered such a substance; whether the defendant had any sources of supply for the substance; any voluntary statements you believe defendant made to police regarding controlled substances allegedly found in his possession; and any other evidence presented in this case which you determine is relevant on the issue of whether this defendant possessed a controlled substance, cocaine, with the intent to deliver it.

The defendant is not charged in this case with the alleged controlled sales to the informant on September 14, 1988, and September 20, 1988, and he is not charged nor could he be charged with respect to the arrangements which came in on the testimony that he made by phone after his arrest on the 22nd while acting at the behest of the police in setting up a sale of cocaine in Philadelphia which led to the seizure by detectives in the Philadelphia District Attorney's Office of what is claimed by the Commonwealth in this case to constitute 1636.85 grams of a Schedule II Controlled Substance, cocaine.

The Commonwealth admitted this evidence from which it asks you to draw an inference that defendant is a cocaine dealer and, therefore, asks you to consider that in determining whether he was on September 22, 1988, in possession of cocaine with intent to deliver it. That's the charge you must decide.

N.T., 1/27/89, pp. 230–31.

■ The police promised appellant that his cooperation after arrest would be noted to the sentencing court.

Though appellant argues to the contrary, this Court finds no promise by the police, however, that his cooperation would not be used against him at trial. The trial court allowed testimony to this effect, but instructed the jury that they had to be satisfied appellant's conduct and statements to the police were voluntary before considering them as evidence against him (N.T. 1/27/89, pp. 231–34).

The dissent strongly urges that a promise by the police to advise the court at sentencing of appellant's cooperation in securing a purchase, implied that the procurement of a sale by appellant should not be used against him at trial to aid in making out a case that he was a dealer. The dissent would find the cooperation had probative value favorable to the Commonwealth, in relation to appellant's drug dealing charges and in justice should not be used against him during trial. We disagree. The drug enterprise is manned by the most ruthless, sociopathic and destructive persons in our society. They extract a toll in human lives and diminish the quality of life for all of us. It is unquestionable that to save themselves from incarceration drug dealers will cooperate with the police to obtain the best deal possible. It is incontrovertible that a person who, with three phone calls, can secure a purchase of three kilos of cocaine worth $36,000, is established as a major dealer and a "big fish" if not the biggest. Under these circumstances, appellant was convicted of a crime for which he was charged and any consideration for his cooperation was properly given him at the time of sentencing. Unquestionably, he could not have been charged with any of the crimes involved in the cooperation with police. However, the evidence of that cooperation, so long as it was voluntary, is relevant to the ongoing police investigation. If we are to eliminate in every case the details of cooperation of a witness which corroborates his previously charged and independently proven criminal activity, rather than having a "chilling effect" on reaching the "bigger fish," police will be hampered in landing even the smaller fry. I believe the dissent would tilt the already precarious battle against drug dealers in favor of the deal-

ers. It is between the actor and the police to what extent his cooperation will be a mitigating factor. The police, in cooperation with prosecutors, have an extensive range of procedural and legal avenues, such as recommendations to the sentencing judge, negotiated pleas and grants of immunity to work up the ladder to more important dealers.

We agree with the dissent that if a specific promise not to use the cooperation at trial was established on the record, it would have been error to use it. However, the "inherent" promise, as assumed by the dissent, is substituting a judicial surmise for matters not of record and in the face of the jury's determination that his actions were voluntary. We should not tread on their domain and we are bound by that determination.

Appellant next argues the Commonwealth failed to disprove beyond a reasonable doubt that the informant did not plant the cocaine in appellant's house.

In a criminal case, the Commonwealth has the burden of proving each element of the offense beyond a reasonable doubt. *Commonwealth v. Lenhart,* 520 Pa. 189, 553 A.2d 909 (1989). In the instant case, the trial court instructed the jury to this effect, setting forth each element of the crimes charged, as well as instructing the jury it must be satisfied beyond a reasonable doubt the informant had not planted the cocaine in appellant's house. As this was a proper charge, the verdict was a question of fact within the province of the fact finder.

Appellant also argues the court erred in failing to give a missing witness instruction to the jury concerning the police informant, although the informant was not called to testify by either party. This claim is without merit, and we again cite with approval the Opinion of the trial court.

When a potential witness is: (1) available to only one of the parties to a trial, and (2), and it appears this witness has special information material to the issue, and (3), the witnesses testimony would not be merely cumulative, then if that party does not present the testimony of the

witness, the jury may draw an inference that such testimony, had it been presented, would have been unfavorable to that party. *Commonwealth v. Manigault,* 501 Pa. 506 [462 A.2d 239] (1983). Defendant maintains that we should have charged the jury on this inference because the informant was available only to the Commonwealth at trial. However, defendant admitted that he knew the informant. His name was testified to at trial. Defendant had hired him to do repair work in his home. Defendant testified that the two transactions prior to September 22nd had involved his loaning the informant money and receiving repayment, not the sale of cocaine. On this record the informant was just as available to defendant as he was to the Commonwealth. When defendant fails to subpoena a witness who is known and available to him, even if that witness has special information material to the issue which would not be cumulative, he is not entitled to the "missing witness" charge.

(Slip op. at 10–11.)

 Appellant's final argument is the trial court erred in admitting the transcript of appellant's telephone conversation in Spanish with an alleged drug dealer in Philadelphia.

This Court consistently has held only issues specifically raised in post-verdict motions will be preserved for appeal and can be considered, and issues raised for the first time in appellate briefs in support of those issues may not be considered. *Hreha v. Benscoter,* 381 Pa.Super. 556, 554 A.2d 525 (1989). Our review of the record in this case does not indicate appellant specifically raised the issue of the transcript in his post-verdict motions, and it must now be considered waived on appeal. Our review of the record, however, convinces us the issue is without merit.

Officer William Meneses testified at trial he was fluent in Spanish, he listened to the telephone conversations as they were being made, he identified the tape used to record the conversations, and the English transcript was an accurate description of the entire conversation (N.T., 1/26/89, pp.

20–24). We find the officer's authentication of the transcript provided the proper foundation for its admission into evidence.

Judgment of sentence affirmed.

Dissenting opinion by POPOVICH, J.

POPOVICH, Judge, dissenting:

I dissent and would hold that appellant should be granted a new trial.

Instantly, the Commonwealth offered evidence of appellant's cooperation with the authorities after his arrest on the charge of possession with intent to deliver cocaine as evidence of his guilt.[1] The majority found this evidence probative of appellant's status as a cocaine dealer. The majority also found that the record is devoid of any evidence which demonstrated a promise by the Commonwealth not to use his cooperation against him at trial. However, such a promise would seem to this jurist to be an inherent and inextricable condition of such an agreement, and my sense of justice is offended by the Commonwealth's actions.[2]

It is specious to argue that the lack of an affirmative promise not to use a defendant's subsequent cooperation against him permits its admission as probative evidence of his propensity to commit the crime charged. If such is the

1. I note that the current charge of possession with intent to deliver was wholly unrelated to the drug purchase arranged by appellant in exchange for which the Commonwealth promised to bring appellant's cooperation to the sentencing court's attention.

2. While I agree wholeheartedly with the majority that "The drug enterprise is manned by the most ruthless, sociopathic and destructive persons in our society", and that "They extract a toll in human lives and diminish the quality of life for all of us", I do not believe that precluding the police from inducing a defendant to commit additional criminal acts and then using the very acts solicited against the defendant "would tilt the already precarious battle against drug dealers in favor of the dealers". Rather, such a rule would simply effect the common and, more importantly, just understanding in this situation, that being your solicited cooperation with law enforcement officers will not be used against you at your trial on charges pending at the time of your assistance.

case, I must question why a defendant would ever again cooperate with authorities or, for that matter, why a defendant's counsel would ever advise or permit such cooperation.[3] At a time when we desire to encourage accused drug dealers to assist law enforcement officers in apprehending "bigger fish," the majority's decision will no doubt have a "chilling" effect on such cooperation by the accused.

Upon review of the transcripts, it is obvious that a significant portion of the case against appellant was based on his actions as a "special agent" of the Commonwealth after his arrest. The Commonwealth offered, over objection, an audio tape of appellant setting up a controlled buy of $36,000 worth of cocaine for the Commonwealth and the 1636.85 grams of cocaine seized as a result of appellant's cooperation to prove his status as a drug dealer. The prejudice to the appellant is obvious, and, certainly, any benefit that a defendant's cooperation yielded at the time of sentencing was more than offset by the extremely prejudicial effect of its admission at trial.

In sum, I would find that the police breached their inherent promise not to use appellant's actions as an agent of the Commonwealth as evidence against him in the present action. Therefore, in light of the Commonwealth's actions and the extremely prejudicial effect of the evidence in question, I would award appellant a new trial. *Cf., Commonwealth v. Nellom,* 388 Pa.Super. 314, 565 A.2d 770 (1989) (trial court's allowing Commonwealth to impeach defendant's character witness as to her knowledge of defendant's robbery conviction, which arose out of same incident that gave rise to charges for which defendant was on trial, was reversible error).

---

**3.** I note that appellant made his decision to aid police without the advice of counsel, and I would surmise that such is the usual situation when a defendant's aid is solicited by the Commonwealth.