634 A.2d 1147

**COMMONWEALTH of Pennsylvania**

v.

**James E. GALLAGHER, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 1, 1993.

Filed Dec. 9, 1993.

458

David J. Foster, Lemoyne, for appellant.

Alison Taylor, Asst. Dist. Atty., Carlisle, for Com., appellee.

Before DEL SOLE, FORD ELLIOTT and HOFFMAN, JJ.

DEL SOLE, Judge.

Appellant was convicted, following the entry of a guilty plea, on a charge of Driving Under the Influence. A passenger in the car driven by Appellant sustained serious bodily injuries as a result of the accident which led to Appellant's arrest. Test results indicated that Appellant had a .13 percent blood alcohol level. At the sentencing colloquy Appellant claimed he was forced off the road to avoid an oncoming Nissan automobile that was in his lane of travel.

Appellant was sentenced to pay the costs of prosecution, a fine, a surcharge to the CAT Fund, and undergo imprisonment of six to twenty-three months. While the sentence for a first offense for driving under the influence would ordinarily be forty-eight hours in jail, here the court applied the recommended sentencing guideline ranges found at 204 Pa.Code § 303.5(b), for DUI cases where a victim suffers serious bodily injury.

The question presented is whether Section 303.5(b) of the sentencing guidelines is to be applied absent evidence to establish that defendant's driving under the influence caused the accident resulting in serious bodily injury to the victim. In order to determine whether the court properly applied the § 303.5(b) guidelines, we must determine whether the guidelines require that causation be proven.

■ We begin by noting that the sentencing issue presented in this case does not require us to determine whether a substantial question exists to permit the appeal since discretionary review is not implicated. This issue concerns the court's imposition of a sentence based on its determination that the guidelines apply to the facts of this case. Whether the guideline section applies is a legal not discretionary matter. We found in *Commonwealth v. Johnson*, 421 Pa.Super. 433, 618 A.2d 415 (1992), that where the issue on appeal involves a legal question [an improper calculation of a prior record score], a direct appeal is appropriate and Appellant has no need to petition for allowance of appeal since no discretionary sentencing matter is at issue. Similarly, because the case at bar concerns a legal question, not a discretionary one, we address the merits of Appellant's sentencing issue as a direct appeal.

■ The provision at issue, 204 Pa.Code 303.5(b), reads as follows:

§ 303.5. Driving under the influence of alcohol or controlled substance and homicide by vehicle while driving under the influence.

.    .    .    .    .

(b) When one or more victims suffered serious bodily injury, the guideline sentence recommendations (in months) for convictions under 75 Pa.C.S. § 3731 (relating to driving under the influence of alcohol or controlled substance) are as follows:

| Conviction | Standard Range | Aggravated Range | Mitigated Range |
|---|---|---|---|
| 1st | 4–6 | 6–8 | 2–4 |
| . . . | | | |

This section does not state whether the guidelines apply in a situation in which there is no proof that defendant's intoxication caused the accident. However, the comment accompanying this text states:

Prior Guidelines:

The original guidelines had specific penalties for driving under the influence (DUI). These were eliminated on January 2, 1986 because they were inconsistent with the mandatory minimum sentences for this crime, which were enacted after the 1982 guidelines were promulgated.

This section was amended to provide sentencing recommendations for the offense of DUI when there is serious bodily injury as a result of the DUI. [underlined for emphasis].

This language requires that causation be established in order to apply the guideline ranges of this section.

Such a requirement is consistent with the statutory provisions for offenses involving homicide by vehicle while driving under the influence. The DUI homicide statute, 75 Pa.S.C.A. § 3735, and the relevant case law require that the Commonwealth prove that the conduct of the defendant caused the accident resulting in the death. The language of the homicide by vehicle section reads in pertinent part as follows:

§ 3735. Homicide by vehicle while driving under influence

(a) Offense defined—Any person who unintentionally causes the death of another person as the direct result of a violation of § 3731 (relating to driving under the influence of alcohol or controlled substance) and who is guilty of a felony of the third degree when the violation is the cause of death

and the sentencing court shall order the person to serve a minimum term of imprisonment of not less than three years. 75 Pa.S.C.A. § 3735.

While the language of the homicide statute is more specific than that found in § 303.5(b), in light of the comments accompanying § 303.5(b) and the general rationale for requiring causation which has been referred to in cases interpreting the homicide statute, we find causation inherently required, absent a regulation to the contrary.

In decisions involving the homicide of a victim resulting from driving under the influence, Pennsylvania Courts have consistently required a nexus between the death of the victim and the defendant's driving under the influence. Our Supreme Court in *Commonwealth v. Uhrinek*, 518 Pa. 532, 544 A.2d 947 (1988) determined that under the homicide by vehicle statute, "a determination must be made as to whether death was a probable consequence of the defendant's conduct." *Id.* at 951. The Court continued to explain that the "causation theory properly applied in criminal cases is not the same as the civil 'proximate cause' standard. The defendant's conduct must be a direct and substantial cause of the injury." *Id.* In *Uhrinek*, the appellant struck and killed a pedestrian who was crossing the street with three friends. According to Appellant's theory, "the decedent was wearing sunglasses at one in the morning, had just left a party, and caused the accident by suddenly jaywalking into the path of appellant's car with disregard for his safety due to his intoxication." *Id.* 544 A.2d at 952. The Supreme Court reversed Appellant's conviction because evidence of the deceased pedestrian's intoxication had been excluded. The Court determined that the refusal to permit appellant to introduce evidence of the decedent's intoxication and resulting inference that it was his own disregard that caused the accident, prevented appellant from challenging the causal connection between his conduct and the accident. *Id.* at 952. The Court again held in *Commonwealth v. Lenhart*, 520 Pa. 189, 553 A.2d 909 (1989), that under § 3735, a DUI violation must be the cause of death in order to sustain a conviction. Because the trial judge stated on the record that

he had to speculate as to what actually caused the accident, the Court determined that the conviction was based on conjecture, and vacated the judgment of sentence. *Id.* 553 A.2d at 912. The Court in *Lehnart* stated that "[i] hardly needs to be said that under our law speculation, possibilities, and probabilities cannot sustain a criminal conviction." *Id.* We determined in *Commonwealth v. Basinger,* 405 Pa.Super. 576, 592 A.2d 1363 (1991), that imposing a sentence on speculation as to the cause of the accident, violated the principle established in *Lenhart.* Because Appellant's testimony that he was unable to avoid the accident was believable, we determined in *Basinger* that the trial court had abused its discretion by "giving the death of the pedestrian primary importance in sentencing, while relegating the evidentiary findings, character witnesses and presentence reports to an insignificant role." *Id.* 592 A.2d at 1366. See also *Commonwealth v. Molinaro,* 429 Pa.Super. 29, 631 A.2d 1040 (1993). Absent a clear mandate, we will not conclude that a person can receive an enhanced sentence based on a result not caused by that person.

Therefore, we find that a DUI violation must be the cause of the resulting serious bodily injury in order to apply section 303.5 of the sentencing guidelines. In the instant case, the evidence was speculative on the cause of the victim's injuries. Judge Harold E. Sheely stated in his sentencing order that "the Court cannot make a definite finding as to what causation was as far as this accident was concerned." See Order of February 23, 1993. Because no causal connection was established between Appellant's intoxication and the victim's injuries, the court committed an error of law in applying the recommended sentencing guidelines found in § 303.5. We vacate the judgment of sentence and remand for resentencing.

Judgment of sentence vacated and case remanded to trial court for resentencing.

HOFFMAN, J., files a concurring opinion.

HOFFMAN, Judge, concurring.

I agree with the ultimate result reached by the majority in the instant case. I write separately to express my concern

with the imposition of a causation requirement into the sentencing guideline which is absent from the language of the guideline itself. It is our duty to interpret the sentencing guidelines as they are actually written not as we believe they should be. However, because as the majority correctly points out there is language in the comment accompanying the text of the guideline indicating that a causation requirement was intended, I believe we do not stray too far afield in our imposition of this element. Therefore, I concur in the result reached in the present case.