640 A.2d 1321

COMMONWEALTH of Pennsylvania

v.

Timothy T. DECKER, Appellant.

Superior Court of Pennsylvania.

Submitted Feb. 9, 1994.

Filed April 8, 1994.

Robert B. McGuinness, Towanda, for appellant.

Robert Fleury, Asst. Dist. Atty., Troy, for Com., appellee.

Before WIEAND, McEWEN and BROSKY, JJ.

BROSKY, Judge.

Timothy Decker appeals from the judgment of sentence of the trial court following his guilty plea to driving under the influence of alcohol ("D.U.I.").[1] Appellant was sentenced to a term of imprisonment of five months to twenty-three months and twenty-nine days.

On July 5, 1992 appellant and his girlfriend, Tammy Smiley, patronized the Monroetown Rod and Gun Club in Monroe Township, Bradford County. Appellant consumed eight or nine beers; his blood alcohol content was subsequently determined to be .19 percent. The couple then rode on appellant's motorcycle (appellant drove and Ms. Smiley was his passenger). Appellant drove his motorcycle over the center dividing line of the highway directly at and into the path of an oncoming automobile; appellant's motorcycle crashed into the automobile. Both appellant and Ms. Smiley suffered substantial injuries. Since the accident appellant has been unable to work and has undergone five operations. The pre-sentence report prepared prior to appellant's sentencing indicated that Ms. Smiley's left leg had to be amputated as a result of the accident (this was in addition to her other injuries).[2]

1. 75 Pa.C.S. § 3731(a)(1) (which states that a person shall not operate a vehicle while under the influence of alcohol to a degree which renders the person incapable of safe driving).

2. We note at this point that none of Ms. Smiley's injuries have been verified or substantiated through the presentation of evidence.

On February 23, 1993 appellant pled guilty to D.U.I.; at the plea colloquy there was no discussion regarding Ms. Smiley's injuries. A plea agreement was reached whereby appellant would plead guilty to D.U.I. [75 Pa.C.S. § 3731(a)(1) ] and be sentenced to, *inter alia,* a minimum term of imprisonment of two months and a maximum term of imprisonment to be subsequently determined by the trial court. The trial court accepted the plea and ordered a pre-sentence report. The pre-sentence report revealed that Ms. Smiley's left leg had been amputated; the report stated that the amputation constituted serious bodily injury and that, as a result, the Sentencing Guidelines recommended a sentence greater than appellant would have received under the "mandatory sentencing statute governing DUI." Appellant's Pre–Sentence Report, 4/15/93, at page 5. Also noted in the pre-sentence report was Ms. Smiley's request for leniency toward appellant regarding his sentence; she stated that she and appellant had grown closer emotionally since the accident and that appellant had suffered enough for his crime. At appellant's June 15, 1993 sentencing hearing appellant's counsel stated that no sentencing enhancement provision should be added to the proposed sentence in the plea agreement since the Commonwealth waived any right to raise the issue, and, the plea agreement colloquy contained no reference to Ms. Smiley's serious bodily injury.[3] The trial court decided that Ms. Smiley had suffered serious bodily injury and decided to apply the Sentencing Guideline provision found at 204 Pa.Code § 303.5(b). Said guideline states, *inter alia,* that when one or more of the victims in a DUI case suffered serious bodily injury, the Sentencing Guidelines recommend that if this is a defendant's second DUI conviction[4] he should be sentenced to one of the following minimum sentences: mitigated range—five to seven months imprisonment, standard range—seven to nine months,

---

**3.** Appellant's counsel did not dispute the allegation that Ms. Smiley had suffered serious bodily injury as a result of the vehicular accident caused by appellant.

**4.** The instant conviction was in addition to a previous DUI charge in which appellant was placed in Accelerated Rehabilitative Disposition ("ARD"). N.T., 3/23/93, at 10.

aggravated range—nine to eleven months. 204 Pa.Code § 303.5(b). The trial court stated that it was rejecting the plea agreement [5] and ·gave appellant an opportunity to withdraw his guilty plea; appellant declined to do so. Appellant was sentenced to a term of imprisonment five months to twenty-three months and twenty-nine days. His motion to modify sentence was denied and appellant filed the instant appeal.

Appellant's issues on appeal are as follows:

1. Whereas the record of the plea proceeding made no reference to any "serious bodily injury," it was abuse of discretion for the trial court to rely on material contained in the pre-sentence investigation report to find 204 Pa.Code § 303.5(b) applicable.

2. The trial court erred in holding that the prosecutor lacked discretion to waive 204 Pa.Code Section 303.5(b).

3. The enhancement provisions of 204 Pa.Code Section 303.5(b) are invalid as they exceed the scope of the enabling legislation.

4. The lower court's application of this guideline was in violation of Article III of the Pennsylvania Constitution.

Appellant's Brief at 11, 14, 17, 18. We vacate the judgment of sentence of the trial court and remand for resentencing.

 We first note that although appellant has supplied this Court with a concise statement of reasons relied upon for appeal, as required by *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987), and Pa.R.A.P. 2119(f), this is not an appeal from the discretionary aspects of a sentence. Appellant is asking us to decide whether the enhancement provision found at 204 Pa.Code § 303.5(b) is applicable in the instant case. A determination of whether a Sentencing Guideline section applies is a legal question and not a discretionary matter. *Commonwealth v. Gallagher*, 430 Pa.Super. 457, 634 A.2d 1147 (1993). This Court may raise *sua sponte* an issue involving the legality of a sentence imposed. *Commonwealth*

---

5. The trial court only rejected the plea agreement; it did not reject appellant's plea of guilty. The guilty plea merely became an open plea.

*v. Murphy,* 405 Pa.Super. 452, 456, n. 8, 592 A.2d 750, 752, n. 8 (1991). We therefore address the merits of appellant's issues as a direct appeal. *Id.; Commonwealth v. Gallagher, supra.*

■ Appellant first claims that the trial court erred in finding that Ms. Smiley had suffered serious bodily injury and in applying the sentencing enhancement provision at 204 Pa.Code § 303.5(b) since the only references to Ms. Smiley's alleged serious bodily injury were in the criminal complaint and in the pre-sentence report (the issue was not raised at the guilty plea colloquy).

> Our Court stated in *Commonwealth v. Murphy, supra,* The imposition of a proper sentence is a matter vested in the sound discretion of the trial court whose determination must be respected unless it involves a manifest abuse of discretion. However, the trial court must exercise its discretion in accordance with the applicable provisions of the Sentencing Code, 42 Pa.C.S. §§ 9701 *et seq.* The Code provides, in pertinent part, that the trial court "shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The court shall also consider any [relevant] guidelines for sentencing adopted by the Pennsylvania Commission on Sentencing. In every case where the court imposes a sentence outside the sentencing guidelines the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines." 42 Pa.C.S. § 9721(b).
>
> [A] sentencing court is not required to adopt the recommendations in the Sentencing Guidelines but it must at least consider them. The sentencing guidelines do not preclude judicial discretion.

*Id.* at 457, 592 A.2d at 753.

We note that at sentencing, in appellant's motion to modify sentence and in the instant appeal appellant has not stated that the criminal complaint was inaccurate in its description of

Ms. Smiley's injuries as serious, or, the pre-sentence report was inaccurate in its description of Ms. Smiley's injuries as "serious bodily injury", or, the allegation that Ms. Smiley's left leg was amputated as a result of the accident caused by appellant's intoxication while driving. However, we are constrained, pursuant to *Commonwealth v. Gallagher, supra, Commonwealth v. Black,* 355 Pa.Super. 369, 513 A.2d 475 (1986), and *Commonwealth v. Taylor,* 346 Pa.Super. 599, 500 A.2d 110 (1985), to find that the trial court erred in applying 204 Pa.Code § 303.5(b) and we vacate the judgment of sentence of the trial court and remand for resentencing.

In *Taylor,* the defendant pled guilty to unlawful restraint, theft and aggravated assault. At that defendant's guilty plea colloquy there was no mention of the use of a deadly weapon during the crimes. At that defendant's sentencing hearing the victim gave testimony which established that appellant utilized a knife in the time period surrounding those crimes, but her testimony did not establish that the defendant had utilized the knife during the specific crimes that the defendant pled guilty to; the only way that the trial court could have determined that the defendant had utilized a knife during the crimes pled guilty to was to consider the wording of the criminal complaint in conjunction with a hearsay statement of the victim that was appended to the pre-sentence report. *Id.* Our Court determined in *Taylor* that the Commonwealth (and, by implication, the trial court) was bound by the record regarding that defendant's admissions at the guilty plea colloquy, and since there was no mention at that hearing of the use of a deadly weapon the Sentencing Guidelines enhancement provision found at 204 Pa.Code § 303.4 could not be applied. *Id.*

In *Commonwealth v. Black, supra,* our Court again found that the trial court erred in applying the Guidelines deadly weapon enhancement provision. In *Black* that defendant pled guilty to robbery, false imprisonment and criminal mischief. At that defendant's guilty plea colloquy there was no mention of the use of a knife during the commission of the crimes. At that defendant's sentencing it was revealed (through properly admitted evidence) that appellant had utilized a knife during

the commission of the crimes. Our Court held, pursuant to *Commonwealth v. Taylor, supra,* that since the use of the knife was not established at the guilty plea colloquy, the trial court erred in applying the deadly weapons enhancement found at 204 Pa.Code § 303.4. *Commonwealth v. Black, supra.*

Although the Guidelines deadly weapons enhancement was not applied in the instant case, the application of the Guidelines provision at 204 Pa.Code § 303.5(b) is analogous to the application of the deadly weapons enhancement. The Sentencing Guidelines state that if a victim does not suffer serious bodily injury in a DUI case, the sentence for the DUI conviction is determined by application of 75 Pa.C.S. § 3731.[6] 204 Pa.Code § 303.5(a). If § 3731 had been applied in the instant case appellant would have been sentenced to a term of imprisonment of not less than 30 days and a fine of not less than $300.[7] 75 Pa.C.S. § 3731(e)(1)(ii). Only when one of the victims suffers serious bodily injury is 204 Pa.Code § 303.5(b) applicable. Before § 303.5(b) can be applied the Commonwealth must establish that a DUI defendant's conduct was a direct and substantial cause of any serious bodily injury suffered by a victim or victims. *Commonwealth v. Gallagher, supra.* Such a finding is not possible in the instant case since the Commonwealth never produced any evidence regarding Ms. Smiley's injuries.[8] Moreover, § 303.5(b) is a guideline provision similar in purpose and effect to the guideline provision regarding the deadly weapon enhancement (§ 303.4). Both provisions are triggered when an additional factor is introduced into a crime: In § 303.4 the element is the utilization of a deadly weapon in the commission of a crime; in § 303.5(b) the element is a finding of serious bodily injury resulting from a defendant's act of driving while under the

6. It could also be determined pursuant to 42 Pa.C.S. § 9763, but that statute is not applicable to the instant case.

7. This sentence would be attributable to the fact that appellant had previously accepted ARD in an unrelated DUI case.

8. The only reference to Ms. Smiley's injuries was contained in an unsubstantiated statement in the pre-sentence report.

influence of alcohol or drugs. The two guideline provisions recommend increased terms of imprisonment when the requisite factors are present; a trial court is not mandated to adopt the recommendations of the Guidelines but it must consider them. *Commonwealth v. Murphy, supra.* Since this Court has determined in *Commonwealth v. Black, supra,* and *Commonwealth v. Taylor, supra,* that the presence of a deadly weapon must be established at a guilty plea colloquy in order to enable application of § 303.4 of the Guidelines, and § 303.4 and § 303.5(b) are similar in purpose and effect, we find that § 303.5(b) can only be applied when it is demonstrated and determined at a guilty plea colloquy that a victim's serious bodily injury was caused by a DUI defendant's actions regarding that crime. Since in the instant case there was no determination regarding Ms. Smiley's injuries at appellant's guilty plea colloquy (and, indeed, no proper determination regarding her injuries at any stage of the instant case), the trial court erred in applying 204 Pa.Code § 303.5(b) when determining appellant's sentence. We must therefore vacate appellant's judgment of sentence and remand for resentencing.

In resentencing appellant the trial court can not look to the Sentencing Guidelines since this case is governed by 75 Pa.C.S. § 3731(e)(1)(ii); the Guidelines can not supersede the mandatory penalties of 75 Pa.C.S. § 3731. 75 Pa.C.S. § 3731(e)(3). Appellant must be sentenced to pay a fine of not less than $300 and to serve a mandatory minimum term of imprisonment of not less than thirty days. 75 Pa.C.S. § 3731(e)(1)(ii). The highest minimum term of imprisonment that appellant may receive is one year, and the maximum total sentence that he may receive is two years. 18 Pa.C.S. § 1101(2). The highest fine that appellant may receive is $5,000. 18 Pa.C.S. § 1101(4). A defendant may be given credit for time served in custody. *Commonwealth v. Conahan,* 527 Pa. 199, 589 A.2d 1107 (1991). Additionally, if a defendant voluntarily commits himself or herself to voluntary custodial inpatient alcohol rehabilitation, said time served may

be substituted in place of time served in a penal institution. *Id.*

Our disposition of appellant's first issues makes addressal of his final three issues unnecessary.

Judgment of sentence vacated. Case remanded to the trial court for resentencing with directives consistent with this Opinion. Jurisdiction relinquished.

WIEAND and McEWEN, JJ., concur in the result.