COMMONWEALTH of Pennsylvania

v.

**Rosalie RIVERA, Appellant.**

Superior Court of Pennsylvania.

Submitted March 3, 1997.

Filed July 1, 1997.

**224**

Michael P. Gough, Milford, for appellant.

Steven R. Guccini, Asst. Dist. Atty., Milford, for Com., Appellee.

Before BECK, KELLY and MONTEMURO,* JJ.

BECK, Judge.

The issue on appeal is the authority of the trial court to sentence appellant under the pre-amended guidelines where appellant's continuing course of criminal conduct occurred both before and after the time the guidelines were amended. We conclude the trial court did not abuse its discretion in sentencing appellant in accordance with the pre-amended guidelines. We affirm.

Appellant, Rosalie Rivera appeals the judgment of sentence entered September 26, 1996. Rivera pled guilty to the charge of False Statements Regarding Welfare, 62 Pa. C.S. § 481. The plea was made in connection with the receipt of public assistance in the amount of $2,906.00 from March 14, 1994, until August 31, 1994. Rivera received $1,837.00 in cash assistance and $1,069.00 in food stamp coupons while concealing the fact that her husband was receiving income from his employment with Pocmont Resort.

* Retired Justice assigned to Superior Court.

In accordance with the pre-amended guidelines, the trial court sentenced her to not less than 10 days nor more than 23 1/2 months in prison and ordered her to pay the cost of the proceeding, a fine, and restitution. The amended guidelines became effective August 12, 1994, nineteen days before appellant made her last false statement and received the last welfare payment.

Under both sets of sentencing guidelines, Rivera had an offense gravity score of three and a prior record score of zero. However, under the pre-amended sentencing guidelines, the standard range of incarceration is zero to six months. The amended guidelines would subject appellant to one of several rehabilitative programs and she would not necessarily be incarcerated. 42 Pa.C.S. § 9721–303.8(c).

■ Rivera argues the crime was not completed until August 31, 1994, the date of the last payment to her based on her false statement. Therefore, the trial court abused its discretion in applying the sentencing guidelines in effect prior to the August 12, 1994 amendments. The issue is a legal question for purposes of our review. A determination of which sentencing guidelines apply is a legal question and not a discretionary matter. *Commonwealth v. Decker*, 433 Pa.Super. 402, 640 A.2d 1321 (1994).

■ After careful review, we find the court did not abuse its discretion. The elements of the crime were completed before the effective date of the amendments; therefore, the sentencing guidelines in existence prior to August 12, 1994 were properly applied.

The sentencing guidelines provide that amendments apply to all offenses committed on or after the date the amendment becomes effective. 42 Pa.C.S. § 9721. *See Commonwealth v. Maneval*, 455 Pa.Super. 483, 688 A.2d 1198 (1997) (applicable guidelines are those in effect at the time that the offense was committed). We must, therefore, determine when the crime of False Statements Regarding Welfare was committed.

The crime of False Statements Regarding Welfare provides:

(a) Any person who, either prior to, or at the time of, or subsequent to the application for assistance, by means of a willfully false statement or misrepresentation, or by impersonation or by willfully failing to disclose a material fact regarding eligibility or other fraudulent means, secures, or attempts to secure, or aids or abets or attempts to aid or abet any person in securing assistance, or Federal food stamps, commits a crime which shall be graded as provided in subsection (b).

(b) Any person violating subsection (a) commits the grade of crime determined from the following schedule:

| Amount of Assistance or Food Stamps | Degree of Crime |
| --- | --- |
| $3,000 or more | Felony of the third degree |
| $1,500 to $2,999 | Misdemeanor of the first degree |
| $1,000 to $1,499 | Misdemeanor of the second degree |
| $999 and under or an attempt to commit any act prohibited in subsection (a) | Misdemeanor of the third degree |

62 Pa.C.S. 481.

We find that the elements of the crime of False Statements Regarding Welfare were satisfied in March of 1994, five months before the amended guidelines became effective. At that time, Rivera received public assistance without disclosing to the agency that her husband was employed and receiving a salary.

Rivera argues that under 62 Pa.C.S. § 481(b) the Commonwealth could not properly grade the crime until after she last received welfare based on her false statements which was August 31, 1994. Applying the pre-amended guidelines, she asserts, would cause the grading in section 481(b) to become a nullity. We disagree. Regardless of whether the defendant continued her criminal conduct, causing the amount of illegally received benefits to be graded more severely, the elements of the crime were completed in March of 1994, before the sentencing guidelines were amended.

We find the trial court properly applied the sentencing guidelines as they existed prior to the August 1994 amendments.

Judgment of sentence affirmed.