J-S09018-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
ERIC JAMALL CRAWFORD :
:
Appellant : No. 776 WDA 2018

Appeal from the Judgment of Sentence December 1, 2017
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0005108-2016

BEFORE: PANELLA, P.J., LAZARUS, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.: FILED MARCH 11, 2019

Eric Jamall Crawford appeals from the judgment of sentence, entered in

the Court of Common Pleas of Westmoreland County, after pleading guilty to

robbery,[1] burglary,[2] conspiracy,[3] theft by unlawful taking,[4] simple assault,[5]

and recklessly endangering another person[6] (REAP). We affirm.

_____

[1] 18 Pa.C.S.A. § 3701(a)(1)(ii).

[2] 18 Pa.C.S.A. § 3502(a)(1).

[3] 18 Pa.C.S.A. § 903(a)(1).

[4] 18 Pa.C.S.A. § 3921(a).

[5] 18 Pa.C.S.A. § 2701(a)(3).

[6] 18 Pa.C.S.A. § 2705.

_____
* Retired Senior Judge assigned to the Superior Court.

On September 26, 2017, Crawford entered non-negotiated guilty pleas to the above-stated offenses. The charges stemmed from Crawford illegally entering the victim's residence and holding her at gunpoint while demanding she produce a safe. On December 1, 2017, the trial court sentenced Crawford to 6-12 years' incarceration for robbery and, at the Commonwealth's request, applied the deadly weapon used enhancement on that charge. The court imposed a concurrent sentence of 3½-7 years' imprisonment on the burglary charge.[7] In its sentencing order the court noted, "[t]his sentence is in the upper end of [the] guidelines for use of [a] deadly weapon at [count] #1 and [the] [c]ourt finds it appropriate in consideration of [Crawford's] admission."[8] Sentence and Order, 12/1/17. On December 8, 2017, Crawford filed a post-sentence motion raising the following singular issue: "Whether the Court erred in applying the deadly weapon enhancement?" Post-Sentence Motion, 12/8/17. The court denied the motion on April 20, 2018. Crawford filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise

_____

[7] Counts 4 (theft) and 5 (simple assault) merged for sentencing purposes and no further sentence was imposed on counts 3 (conspiracy to commit robbery) and 6 (REAP). Sentence and Order, 12/1/17.

[8] At sentencing, Crawford's counsel stated:

> With regard to the deadly weapon enhancement that [the prosecutor] is asking you to impose, the caselaw seems to indicate that the factual scenario has to be much more, especially at the time of the plea, to indicate that he definitively was the one who had immediate control of the weapon or possessed the weapon at the time.

N.T. Sentencing, 12/20/17, at 11.

- 2 -

statement of errors complained of on appeal. He presents one issue for our consideration: "Whether the trial court erred in its application of the deadly weapon 'used' enhancement." Appellant's Brief, at 4.

In his appellate brief, Crawford specifically claims that because there was no mention in the criminal information of a deadly weapon being used in connection with the robbery, the court should not have applied the enhancement. He classifies this claim as one involving the legality of sentence.

Crawford relies on Commonwealth v. Black, 513 A.2d 475 (Pa. Super. 1986), and Commonwealth v. Taylor, 50 A.2d 110 (Pa. Super. 1985), to support his argument on appeal. In Black, our Court found that the trial court erred when it applied a deadly weapons enhancement provision in sentencing the defendant because the defendant never admitted that he possessed a knife or any type of deadly weapon at the time of his crime when he entered his plea of guilty. In Taylor, the Court held that the defendant could not be given an enhanced sentence for aggravated assault while in possession of a deadly weapon because the factual basis for defendant's guilty plea, found in the criminal information, was based upon bodily harm, and nowhere in the information or the evidence had it been suggested that a deadly weapon was involved. The Court reasoned that "[i]t is fundamental to due process that an accused may not be convicted on the basis of anything not admitted in the evidence." Id. at 116.

Critically, we note that the deadly weapon enhancement statute specifically states that:

> Provisions of this section shall not be an element of the crime and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing.

42 Pa.C.S. § 9712(b) (proof at sentencing) (emphasis added). Thus, we decline to accept Crawford's invitation to interpret this claim as one involving legality of sentence.[9] Claims challenging the application of the deadly weapon enhancement implicate the discretionary aspect of one's sentence. Commonwealth v. Greene, 702 A.2d 547 (Pa. Super. 1997); see Commonwealth v. Brougher, 978 A.2d 373 (Pa. Super. 2009) (courts have discretion to apply deadly weapons enhancement at sentencing).

_____

[9] In any event, the Commonwealth provided more than sufficient proof at sentencing to justify application of the enhancement. First, the Commonwealth's criminal information stated that "the Actor, [Crawford,] held the victim to the ground with a gun to her head during a robbery, demanding property that she did not have," "the Actor, [Crawford,] with the intent of promoting or facilitating the crimes of robbery . . . and burglary . . . conspired . . . and did commit the overt acts of enter[ing the victim's] residence and held her at gunpoint while demanding she produce a safe," and "the Actor, [Crawford], as principal or accomplice, recklessly engaged in conduct which placed or may have placed [the victim] in danger of death or serious bodily injury by keeping the victim on the floor of her living room while holding a gun to her head." See Westmoreland County Criminal Information, 9/30/16 (emphasis added). Additionally, at sentencing the victim testified that Crawford held a gun to her head during the ordeal. See N.T. Sentencing, 12/1/17, at 4-5. Accordingly, Crawford was clearly on notice that it was factually alleged that he used a gun during the commission of the crimes for which he was charged. Thus, we find those cases inapposite and his claim meritless.

Before we turn to Crawford's substantive claim on appeal, we must determine whether he has invoked our jurisdiction. Unlike a challenge to the legality of sentence, there is no absolute right to appellate review of a discretionary sentencing claim. Rather, a party who desires to raise such matters must petition this Court for permission to appeal and demonstrate that there is a substantial question as to whether the sentence is appropriate. 42 Pa.C.S.A. § 9781(b). To fulfill this requirement, the party seeking to appeal must "set forth in a separate section of [his or her] brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspect of sentence." Pa.R.A.P. 2119(f). The statement "shall immediately precede the argument on the merits." Id.

Instantly, Crawford has failed to comply with Rule 2119(f) by not including any statement setting forth the reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence.[10] Rather, he improperly classifies his issue as one implicating the legality of sentence.

_____

[10] We also note that Crawford has failed to have the notes of testimony from his post-sentence motion hearing transcribed and made a part of the certified record for our review. Commonwealth v. Dehart, 730 A.2d 991, 993 n.1 (Pa. Super. 1999) (it is appellant's duty to "ensure that the certified record is complete for purposes of review"); Commonwealth v. Johns, 812 A.2d 1260 (Pa. Super. 2002) (appellant's failure to provide the reviewing court with complete certified record results in waiver of claim). Thus, if we were able to reach the merits of his issue, we would be severely hampered in our appellate review.

While the omission of a Rule 2119(f) statement does not automatically preclude review of his claim, where, as here, the Commonwealth objects to its omission "we may not reach the merits of [the] claim[.]" Commonwealth v. Hudson, 820 A.2d 721 (Pa. Super. 2003), citing Commonwealth v. Farmer, 758 A.2d 173 (Pa. Super. 2000). Accordingly, we find Crawford's claim waived. Id.

Judgment of sentence affirmed.[11]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/2019

_____

[11] Although not raised on appeal, we note that the imposition of the deadly weapon sentencing enhancement does not implicate the holdings in Alleyne v. United States, 133 S. Ct. 2151 (2013) or Apprendi v. New Jersey, 530 U.S. 466 (2000), where our Supreme Court determined that certain sentencing factors were considered elements of the underlying crime, and thus, to comply with the strictures of the Sixth Amendment, they must be submitted to the fact finder and proven beyond a reasonable doubt. Commonwealth v. Shull, 148 A.3d 820 (Pa. Super. 2016).